# IN THE UNITED STATES DISTRICT COURT
# FOR THE NOTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **BRANDY TREPANOWSKI,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | **Civil Action No.:** |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| **ROLLINS HOLDING** ) | |
| **COMPANY, INC., d/b/a** ) | |
| **ROLLINS COMPANY,** ) | |
| ) | |
| **Defendant** ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Brandy Trepanowski, ("Plaintiff" or "Trepanowski") by and through undersigned counsel, and files this Complaint for Damages against Defendant Rollins Holding Company, Inc d/b/a/ Rollins Company ("Defendant"), and states as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

1

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

**PARTIES**

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto, has conducted business within this District.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, CT Corporation System 289 S. Culver St. Lawrenceville, GA 30046-4805.

**ADMINISTRATIVE PREREQUISITES**

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) alleging disability discrimination in violation of the Americans with Disabilities Act ("ADA"). The EEOC issued a "Notice of Right to Sue" on March 1, 2022, entitling an action to be commenced within ninety (90) days of receipt of

said notice. This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

## FACTUAL ALLEGATIONS

7.

Defendant has now, and at all times relevant hereto, been an employer subject to the Americans with Disabilities Act ("ADA").

8.

Plaintiff was hired by Defendant as an IT Support Specialist in February 2018.

9.

Plaintiff suffers from disabilities, within the meaning of the ADA, of which Defendant had actual knowledge. Specifically, Plaintiff suffers from Fibromyalgia, Hashimoto's Disease, and Interstitial Cystitis.

10.

David Strowd ("Strowd") was Plaintiff's supervisor from April or May 2018 until her termination.

11.

Plaintiff began using intermittent FMLA leave for her disabilities in 2018.

12.

Strowd was hostile toward Plaintiff's disabilities and her use of intermittent FMLA leave. Oftentimes he challenged her use of leave,

expressed frustration when she needed to use it and cited her medical absences in performance reviews negatively.

13.

In the summer of 2020, Strowd suggested Plaintiff quit and live off disability payments. Throughout her employment, but especially in 2021 and progressively more pronounced towards the end of 2021, Strowd regularly threatened to terminate Plaintiff when she used intermittent FMLA.

14.

In 2021, Plaintiff applied for several promotions, however, according to another manager, Strowd was actively preventing her from obtaining said promotions.

15.

Plaintiff was terminated on January 7, 2022, for FMLA protected absences.

16.

Plaintiff was able to perform the essential functions of the job for which she was hired with or without reasonable accommodation.

17.

Defendant terminated Plaintiff because of her disabilities, perceived disabilities and/or need for an accommodation.

18.

In terminating Plaintiff's employment, Defendant discriminated against Plaintiff because of her disabilities.

19.

Plaintiff has suffered lost wages and emotional distress as a direct result of Defendant's unlawful actions.

## CLAIMS FOR RELIEF

## COUNT I: ADA VIOLATION DISCRIMINATION

20.

Plaintiff repeats and re-alleges paragraphs 7-19 as if set forth fully herein.

21.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

22.

At all times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

23.

At all times relevant to this action, Plaintiff has been an individual with disabilities as that term is defined by the ADA.

24.

At all times relevant to this action, including up to the time of Plaintiff's termination, Defendant and the individual(s) involved in the decision to terminate Plaintiff were aware of Plaintiff's disabilities.

25.

Plaintiff's disabilities were a determinative factor in Defendant's decision to terminate Plaintiff.

26.

At all times relevant, Plaintiff could perform the essential functions of her position, with or without reasonable accommodation.

27.

Defendant "regarded" Plaintiff as having "disabilities" under the ADA.

28.

Defendant discriminated against Plaintiff because of her disabilities or perceived disabilities by terminating her employment, thus violating Plaintiff's rights under the ADA and entitling her to all appropriate relief thereunder.

29.

As a result of Defendant's unlawful actions, Plaintiff suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which she is entitled to recover from Defendant.

30.

Defendant has not only deprived Plaintiff of equal employment opportunities but also exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

31.

Plaintiff is entitled to compensatory and punitive damages.

## **COUNT II: VIOLATION OF THE ADA - RETALIATION**

32.

Plaintiff repeats and re-alleges paragraphs 7-31 as if set forth fully herein.

33.

The ADA protects qualified individuals, including Plaintiff, from retaliatory measures taken by an employer based on protected activity, including opposing disability discrimination, and requesting a reasonable accommodation for a disability.

34.

Plaintiff engaged in protected activity by seeking reasonable accommodations by, among other things, requesting and using intermittent FMLA leave for her disabilities.

35.

Defendant subjected Plaintiff to adverse employment action by terminating her after she used intermittent FMLA leave.

36.

There is a causal connection between Plaintiff's disability, her subsequent request for a reasonable accommodation via intermittent FMLA leave, and Defendant's decision to terminate her employment as a result.

37.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

38.

Therefore, Defendant is liable for the damages caused proximately by its retaliation.

## **COUNT III AND IV: VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT ("FMLA") – FMLA INTERFERENCE AND RETALIATION**

39.

Plaintiff repeats and re-alleges paragraphs 7-38 as if set forth fully herein.

40.

Defendant is and, at all times relevant, has been an "employer" as defined by the FMLA.

41.

Plaintiff was an eligible employee under the FMLA.

42.

Plaintiff engaged in protected conduct under the Family and Medical Leave Act, 29 U.S.C § 2601, et seq., entitling her to all appropriate relief under the statute.

43.

Defendant interfered with Plaintiff's rights protected under the Family and Medical Leave Act, 29 U.S.C § 2601, et seq., entitling her to all appropriate relief under the statute.

44.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

45.

As a result of termination, Plaintiff has suffered damages, including lost wages for which she is entitled to recover. Defendant's violations of the FMLA were reckless and Plaintiff is also entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests judgment as follows:

a) General damages for mental and emotional suffering caused by Defendant's misconduct;

b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

c) Special damages for lost wages and benefits and prejudgment interest thereon;

d) Liquidated damages on Plaintiff's FMLA claims;

e) Reasonable attorney's fees and expenses of litigation;

f) Trial by jury as to all issues;

g) Prejudgment interest at the rate allowed by law;

h) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

i) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

j) All other relief to which she may be entitled.

This 21st day of March 2022.

**BARRETT & FARAHANY**
/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

P.O. BOX 530092
Atlanta, GA 30343-0092
T: (404) 214-0120
F: (404) 214-0125
severin@justiceatwork.com